Jas. H. Anderson, of Mercedes, and J. F. Carl, of Edinburg, for appellants.

Greenwood & Lewis, of Harlingen, for appellees.

**W. J. WILLIAMS, Inc., et al. v. CUMMINGS et ux.**

**No. 9161.**

Court of Civil Appeals of Texas.
San Antonio.

Nov. 8, 1933.

FLY, Chief Justice.

This action was begun by L. E. Cummings and his wife, Frieda Cummings, against appellants W. J. Williams, individually, and W. J. Williams, Inc., a private corporation, to cancel and rescind a certain deed executed by the W. J. Williams corporation to appellees, conveying certain land in Hidalgo county, as well as certain promissory notes given us part of the purchase money for said land. The petition prayed "that plaintiffs have judgment for their debt in the sum of $6,950.-00, that an equitable lien be established upon all of the property of the defendants in Hidalgo County and foreclosed, and sold and applied to the payment of plaintiffs' debt, interest and all costs in this behalf expended, and here make a tender in open court to do equity, and in the alternative plaintiffs pray for judgment for their damages in the sum of $6000.00, together with all costs in this behalf expended, and that the notes executed by the plaintiffs and delivered to the defendants be cancelled and set off against said debt and that plaintiffs have established and foreclosed an equitable lien on all the land of the defendants in Hidalgo County, Texas, and that a writ of attachment issue against all of the defendants as in the statutes in such case made and provided."

The cause was submitted on special issues to a jury, and, on their responses thereto, judgment was rendered canceling the notes executed by appellees and delivered to appellants, and in favor of appellees as against appellants for the sum of $471.30. From that judgment this appeal has been prosecuted by appellants.

The measure of damages submitted to the jury by the trial judge was the difference between the reasonable market value at the time of the sale, had the representations been true, and the market value of the land as it actually existed at the time of the sale. The measure of damages, as stated by appellees is the difference between the value of the property at the time the same was purchased and the price paid for the same. As the uncontradicted evidence shows that the amount paid for the land was the amount which was the represented value of the land, there is no difference in the measure suggested by appellant and that given to the jury by the court. Appellants were shown to have represented that the land was worth $650 per acre, and at least $650 was paid for the land by appellees. It is therefore evident that the two measures of damages amount to the same. The second proposition is overruled.

■ Appellants' first proposition is as follows: "Where plaintiff sues for damages by reason of misrepresentations as to land and its value, it is incumbent on him to prove the value of the land at the time of the contract; and when there is no evidence of the value of the land at the time of the sale, it is the duty of the Court to instruct a verdict for the defendant, when timely request is made for such instruction."

This proposition will be considered with the third proposition, as they both bear on the same subject; that is, the lack of testimony as to the market value of the land at the time of the sale. The only testimony offered as to the value of the land at any time was that of a man who had gained his idea of the values of real estate by an experience of fourteen years in the city of Detroit, and by having resided in Hidalgo county for two years. It was not shown that he had ever sold any land in Texas; and any knowledge he had of the value of land in Texas came from information he received about a few sales in Hidalgo county. He did not show himself to be qualified as an expert to pass on the value of Texas land; and if he had, still, where a vendor of land is called into court to be penalized for misrepresentations as to the value of land sold by him more than a year and one-half before the time of the trial, the evidence should clearly and positively show the value of the land at the very time the sale was alleged to have been made. It is well known that the real estate market, influenced by the depression and other circumstances, fluctuates in value, and after a man has lived upon land for a time and becomes dissatisfied with it he should be compelled to clearly show the market value of the land at the very time the representations were shown to have been made. There was a failure to do this in this case, and we are not willing to sustain the verdict penalizing a vendor in the sum of $3,000 upon such uncertain testimony.

■ The court submitted the following issues to the jury:

"(a) What would have been the reasonable market value of the land in question during the month of May, 1931, had the land been as represented by the plaintiffs to the defendants?

"(b) What was the actual reasonable market value per acre of said land in the condition that it actually existed when it was conveyed by plaintiffs to defendants in May, 1931?"

It will be noted that the charge confuses the plaintiffs and defendants and changes their position from that occupied by them in the pleadings and the evidence. The obscurity of the charge is apparent upon its face, and was calculated to mislead and confuse the jury. While this confusing charge may or may not have affected the verdict in the case, still it is so palpably confusing that we are unable to say what effect it may have had on the jury.

■ Appellants' fifth proposition complains of the action of the court in instructing the jury to find on five different issuable matters in the issue which the court labeled "Special Issue No. 1." The criticism of the issue is well founded, as it was rendered confusing by the multiplicity of questions contained in the issue.

Propositions 6, 7, 8, and 9 are in regard to matters which will probably not occur in another trial, and therefore need not be considered.

For the errors pointed out, the judgment will be reversed and the cause remanded.